**Rakesh SHAH, Petitioner**

v.

**ATTORNEY GENERAL OF
the UNITED STATES of
America, Respondent.**

No. 12–3547.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) June 11, 2013.

Opinion Filed Sept. 12, 2013.

Reyna M. Tanner, Esq., Manulkin, Glaser & Bennett, Fountain Valley, CA, for Petitioner.

Michael C. Heyse, Esq., Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Christina B. Parascandola, Esq., Janice K. Redfern, United States Department of Justice, Washington, DC, for Respondent.

Before: McKEE, Chief Judge, AMBRO and NYGAARD, Circuit Judges.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Rakesh Shah is a native of India. After Shah overstayed his visa and failed to appear at his deportation hearing, the Immigration Judge ordered him deported in absentia. The IJ denied Shah's motions to reopen and rescind the order, and the Board of Immigration Appeals affirmed. We will deny the petition for review.

I.

After charging Shah with deportability, the former Immigration and Naturalization Service personally served Shah with an Order to Show Cause. The Order instructed Shah to appear at a master calendar hearing on December 19, 1996. At this initial hearing, which Shah attended, he received written and oral notice of his deportation hearing on February 21, 1997. However, Shah failed to appear at the deportation hearing. The IJ ordered him deported in absentia. Three days later, the order was mailed to Shah at the address of record.

On March 14, 1998, the INS approved an I–130 Immigrant Petition that Shah's brother filed on Shah's behalf. In March 2009, Shah's priority number became current. He applied for adjustment of status, but the INS denied his application because of the deportation order that had been entered against him. On July 8, 2010, Shah filed a motion to reopen his proceedings and a motion to rescind his in absentia deportation order. He argued that, because he understood little English at the master calendar hearing and was not provided an interpreter, he did not receive notice of his deportation hearing, resulting in his failure to appear. The IJ denied Shah's motions, and the BIA affirmed. Shah subsequently filed a petition for review.

II.

On a petition for review of the BIA's decision to deny motions to reopen and rescind an in absentia deportation order, we determine whether the BIA abused its discretion. *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir.2004); *Santana Gonzalez v. Att'y Gen.*, 506 F.3d 274, 276 (3d Cir.2007). Factual findings are conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (2005). We review *de novo*

questions of law. *Contreras v. Att'y Gen.*, 665 F.3d 578, 583 (3d Cir.2012).

An alien may seek to rescind an in absentia deportation order by filing a motion to reopen either within 180 days after the order has been issued, demonstrating that he failed to appear because of "exceptional circumstances," or at any time showing that he did not receive notice of the hearing. 8 U.S.C. § 1252b(c)(3) (repealed 1996). If not seeking rescission, he must file a motion to reopen within ninety days of the order. 8 C.F.R. § 1003.23(b)(1) (1997).

The BIA denied Shah's motion to rescind because he failed to demonstrate that a lack of notice prevented him from appearing at the deportation hearing. On appeal, Shah argues that, because he understood little English at the master calendar hearing and was not provided an interpreter, he did not receive notice. Yet, Shah provided his current address, stated that he would attempt to hire a lawyer, and asked whether his asylum application would be granted, all in English. Shah never indicated that he did not understand what was going on, or that he required an interpreter. The record indicates that the IJ orally stated the date and time of the deportation hearing, and Shah acknowledged that he understood. The IJ then signed and gave Shah the written hearing notice. Shah never sought to have the hearing notice translated, nor did he seek to have translated the deportation order that was sent to him by mail. Other than Shah's own word, there is no evidence that he did not receive notice, and this will not suffice. The BIA correctly found that Shah could speak, understand, and respond in English, and it did not abuse its discretion in concluding that Shah received adequate notice.

The BIA held that Shah's motions to rescind and reopen were untimely, and equitable tolling was barred because Shah did not act with due diligence. On appeal, Shah argues that he acted with due diligence because he did what he thought the IJ instructed him to do—find an attorney to help him immigrate. However, there is no evidence other than Shah's sworn affidavit that this is how he could have understood the IJ. Moreover, when his priority date became current in March 2009, he did not file his motions until July 8, 2010. This delay alone was unreasonable, and it renders equitable tolling inapplicable here.

### III.

We conclude that the BIA did not abuse its discretion in denying Shah's motions to reopen and rescind his in absentia deportation order. Accordingly, we will deny the petition for review.